Morris W. LIPP, trading as Midwest Poster Exchange, Appellant in No. 13448,

Benjamin Siegel, trading as Theatre Advertising Company, Appellant in No. 13449,

Fannie Schrader, Administratrix of the Estate of Jay Schrader, trading as Charlotte Poster Exchange, Deceased, Appellant in No. 13450,

David Mitchel, trading as Southwest Poster Service, Appellant in No. 13451,

Jacob Riff, Appellant in No. 13452,

Harry Vogelstein, trading as Baltimore Poster Company, Appellant in No. 13453,

v.

NATIONAL SCREEN SERVICE CORPORATION, Loew's Incorporated, Twentieth Century Fox Film Corporation, RKO Radio Pictures, Inc., Columbia Pictures Corporation, United Artists Corporation, Warner Brothers Pictures, Inc., Warner Bros. Picture Distributing Corporation, Paramount Pictures, Inc., Paramount Film Distributing Corporation, Universal Pictures Company, Inc., Universal Film Exchanges, Inc.

Charles LAWLOR and Mitchell Pantzer, co-partners trading as Independent Poster Exchange, Morris J. Lipp, trading as Midwest Poster Exchange, Benjamin Siegel, trading as Theatre Advertising Company, Jay Schrader, trading as Charlotte Poster Exchange, Dave Mitchel, trading as Southwest Poster Service, Jacob Riff, Harry Vogelstein, trading as Baltimore Poster Company, Appellants in No. 13454,

v.

NATIONAL SCREEN SERVICE CORPORATION, Loew's Incorporated, Twentieth Century Fox Film Corporation, RKO Radio Pictures, Inc., Columbia Pictures Corporation, United Artists Corporation, Warner Brothers Pictures, Inc., Warner Bros. Picture Distributing Corporation, Paramount Film Distributing Corporation, Universal Film Exchanges, Inc.

Nos. 13448–13454.

United States Court of Appeals
Third Circuit.

Argued April 18, 1961.

Decided May 2, 1961.

Rehearing Denied May 25, 1961.

**322**

Francis T. Anderson, Philadelphia, Pa., for appellants.

Walter S. Beck, New York City, W. Bradley Ward, Philadelphia, Pa. (Louis Nizer, New York City, Abraham L. Freedman, Louis J. Goffman, Philadelphia, Pa., Edward W. Mullinix, Philadelphia, Pa., Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Wolf, Block, Schorr & Solis-Cohen, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel on the brief), for appellees.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

In the District Court for the Eastern District of Pennsylvania there were seven cases brought against a group of defendants, the principal one of which was National Screen Service Corporation. These seven cases, separately brought, all alleged the same claim against the defendants. There had been a series of pretrial conferences between the trial judge and the lawyers for the parties, the plaintiffs all being represented by the same counsel. At the conclusion of the last of these conferences a stipulation was entered into. One of the provisions was that the demand for jury trial was dropped. Paragraph 3 of the stipulation provides:

> "In the remaining six cases if, by final judgment in whatever shall have been the court of last resort, it is determined in Civil Action No. 10020 that no conspiracy or unlawful monopoly existed, that finding shall be determinative of that issue in the remaining six cases. On the contrary, if such final determination therein shall be that the unlawful conspiracy or monopoly did exist, then the remaining six cases shall be consolidated for trial and tried without a jury."

This stipulation was agreed to before the court by all the lawyers concerned in the case.

The Civil Action referred to in the above quoted paragraph was the Lawlor case. This was tried in the district court and resulted in full findings of fact and conclusions of law unfavorable to the plaintiffs. The district court's judgment was affirmed by this Court in an opinion reported at 3 Cir., 1959, 270 F.2d 146. Certiorari was denied by the Supreme Court 1960, 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742. The trial judge then entered summary judgment for the defendants in the other six cases in accordance with the stipulation quoted above. The plaintiffs appeal. Counsel says that he had no authority to enter into such a stipulation and cites us cases holding that a lawyer without authorization cannot compromise the client's case.

The agreement made among counsel was no compromise of a lawsuit. It was, instead, a common sense way of handling several cases involving the same points. The judge could have ordered a consolidated trial for all of them. See Fed. R.Civ.P. 42(a), 28 U.S.C. It was considered more feasible to handle the litigation in the manner stipulated for. Defendants took their chances on judgments against them in seven cases if the Lawlor case was won. Plaintiffs took their chances on losing if the Lawlor case was lost. There is no doubt in our minds that this arrangement to expedite this litigation to final conclusion was well within the authority of the lawyers who participated.

The judgment of the district court will be affirmed.